# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS

### AMENDED CHAPTER 13 PLAN COVER SHEET

| | | | |
|---|---|---|---|
| Filing Date: | _____ | Docket #: | _____ |
| Debtor: | **Brian H. Avedisian** | Co-Debtor: | **Theresa A. Avedisian** |
| SS#: | **xxx-xx-6336** | SS#: | **xxx-xx-7766** |
| Address: | **14 Gardner Road<br>Hubbardston, MA 01452** | Address: | **14 Gardner Road<br>Hubbardston, MA 01452** |

| | |
|---|---|
| Debtor's Counsel: | **Carl D. Aframe 012780** |
| Address: | **390 Main Street, Suite 901<br>Worcester, MA 01608** |
| Telephone #: | **508-756-6940** |
| Facsimile #: | **508-753-8219** |

ATTACHED TO THIS COVER SHEET IS THE CHAPTER 13 PLAN FILED BY THE DEBTOR(S) IN THIS CASE. THIS PLAN SETS OUT THE PROPOSED TREATMENT OF THE CLAIMS OF CREDITORS. THE CLAIMS ARE SET FORTH IN THE BANKRUPTCY SCHEDULES FILED BY DEBTOR(S) WITH THE BANKRUPTCY COURT.

YOU WILL RECEIVE OR HAVE RECEIVED A SEPARATE NOTICE FROM THE BANKRUPTCY COURT OF THE SCHEDULED CREDITORS' MEETING PURSUANT TO 11 U.S.C. § 341. THAT NOTICE WILL ALSO ESTABLISH THE BAR DATE FOR FILING PROOFS OF CLAIMS.

PURSUANT TO THE MASSACHUSETTS LOCAL BANKRUPTCY RULES, YOU HAVE UNTIL THIRTY (30) DAYS AFTER THE FILING OF THE WITHIN PLAN TO FILE AN OBJECTION TO CONFIRMATION OF THE CHAPTER 13 PLAN, WHICH OBJECTION MUST BE SERVED ON THE DEBTOR, DEBTOR'S COUNSEL AND THE CHAPTER 13 TRUSTEE.

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

| AMENDED CHAPTER 13 PLAN | Docket # 14-40662-HJB |
|---|---|

| DEBTORS: | (H) | Brian H. Avedisian | SS# xxx-xx-6336 |
|---|---|---|---|
|  | (W) | Theresa A. Avedisian | SS# xxx-xx-7766 |

TERM OF THE PLAN __60__ Months

(If the plan is longer than thirty-six (36) months, a statement of cause pursuant to 11 U.S.C. § 1322 (d) must be attached hereto.)

**STATEMENT OF CAUSE PURSUANT TO 11 U.S.C. § 1322(d)**

According to the calculations required by Official Form B 22C, disposable income was determined under 11 U.S.C. §1325(b)(3). Furthermore, the Debtor cannot afford a Plan less than 60 months because her non-Debtor husband does not make enough money after payment of regular, monthly expenses.

PLAN PAYMENT: Debtor(s) to pay monthly: $ __668.00__

I. **SECURED CLAIMS**

  A. CLAIMS TO BE PAID THROUGH THE PLAN (INCLUDING ARREARS):

| Creditor | Description of claim (pre-petition arrears, purchase money, etc.) | Amount of claim |
|---|---|---|
| Green Tree Servicing | First Mortgage | $ 2,741.86 |
| Rbs Citizens Na | Auto F150 - secured portion in the sum of $12,662.26 inclusive of a 6% interest rate, being $2,025.49, or a total of $14,687.75 to be paid over the term of the Plan per Stipulation allowed on 7/7/2014. | $ 14,687.75 |
| Wfds/Wds | Auto Mercury - secured portion based on the value of the vehicle ($14,438) inclusive a 6% interest rate, being $2,309.64, or a total of $16,747.64 to be paid over the term of the Plan. | $ 16,747.64 |
| | Total of secured claims to be paid through the Plan $ | 34,177.28 |

B. CLAIMS TO BE PAID DIRECTLY TO CREDITORS (Not through Plan):

| Creditor | Description of Claim |
|---|---|
| Green Tree Servicing | First Mortgage |

## II. PRIORITY CLAIMS

| Creditor | Description of claim | Amount of claim |
|---|---|---|
| Town of Hubbardston | Excise Tax for F150 and Mercury | $ 202.00 |

Total of priority claims to be paid through the plan  $ 202.00

## III. ADMINISTRATIVE CLAIMS

A. Attorneys fees (to be paid through the plan): $ **1,000.00**
(to be paid in first 12 months of plan)

B. Miscellaneous fees:

| Creditor | Description of claim | Amount of claim |
|---|---|---|
| -NONE- | | $ |

C.  The chapter 13 trustee's fee is determined by order of the United States Attorney General. The calculation of the Plan payment set forth below utilizes a 10% trustee's commission. In the event that the trustee's commission is less than 10%, the additional funds collected by the trustee shall be disbursed to unsecured creditors up to 100% of the allowed claims.

## IV. UNSECURED CLAIMS

The general unsecured creditors shall receive a dividend of **1** % of their claims.

A. General unsecured claims:  $ **16,182.00**

B. Undersecured claims arising after lien avoidance/cramdown:

| Creditor | Description of claim | Amount of claim |
|---|---|---|
| Wfds/Wds | Auto unsecured portion (principal + arrears - value = unsecured amt) - Mercury | $ 5,479.59 |
| Green Tree Servicing | Second Mortgage | $ 43,207.00 |

Total of A + B general unsecured claims:  $ 64,868.59

C. Multiply total by percentage of dividend: $ **648.69**
(Example: Total of $38,500.00 x .22 dividend = $8,470.00)

D. Separately classified unsecured claims (co-borrower/student loan, etc.) :

| Creditor | Description of claim | Amount of claim |
|---|---|---|
| ITT Tech | Student Loan | $ 4,000.00 |

Total amount of separately classified claims payable at **1** %  $ 40.00

## V. OTHER PROVISIONS

A. Liquidation of assets to be used to fund plan:

B. Modification of Secured Claims: Set forth details of modifications below or on attached sheets. This information should include name of creditor and detailed explanation of the modification. The total amount of the secured claim that is to be paid through the plan (inclusive of interest) should be set forth in Section I of this Plan.

| Creditor | Modification |
|---|---|
| **Green Tree Servicing** | **The Debtors' Chapter 13 Plan will discharge the wholly unsecured lien of Green Tree Servicing (recorded at Book 41610, Page 264 with the Worcester Southern District Registry of Deeds on Aug. 6, 2007) in the estimated sum of $43,207 (the Debtors' 2nd Mortgage) upon obtaining their discharge pursuant to 11 U.S.C. §1328(a) through his confirmed, consummated Chapter 13 Plan.**<br>**Once said discharge enters pursuant to 11 U.S.C. §1328(a), the Debtors will submit a request to this Court for an order to discharge said 2nd Mortgage.**<br>**<u>The affected parties should review this provision and be mindful of the affected parties' obligation to object to the Debtors' Chapter 13 Plan within 30 days after the Debtors' 341 meeting.</u>** |
| **Rbs Citiznes Na** | **The outstanding claim in the sum of $12,662.26 will be paid through the Plan as a secured claim over 60 months inclusive of an interest rate of 6%, namely $2,025.49, or a total of $14,687.75 in accordance with the Stipulation allowed on 7/7/2014.**<br>**The lien against the F150, Vin # 1FTPX14548FB96426, will be discharged as of the completion of the Debtors' Ch. 13 Plan payments. The present lien holder, Rbs Citizens Na, or its successor in interest, will release its lien on the F150 upon an order of the Court being issued that there has been a completion of all payments towards the Debtors' Ch. 13 Plan pursuant to 11 U.S.C. §1328(a) and upon the entry of an 11 U.S.C. §1328 discharge. The aforesaid Creditor shall, within 10 days of the Bankruptcy Court issuing such an order, stamp their lien on the Debtors' F150 as being satisfied in full and forward the original Title with the lien discharged to the to the Debtors at their then address.** |
| **Wfds/Wds** | **The secured claim in the sum of $14,438, based on the value of the vehicle, will be paid over 60 months inclusive of an interest rate of 6%, namely $2,309.64, or a total of $16,747.64.**<br>**The lien against the Mercury, Vin # 4M2EU48E68UJ06078, will be discharged as of the completion of the Debtors' Ch. 13 Plan payments. The present lien holder, Wfds/Wds, or its successor in interest, will release its lien on the Mercury upon an order of the Court being issued that there has been a completion of all payments towards the Debtors' Ch. 13 Plan pursuant to 11 U.S.C. §1328(a) and upon the entry of an 11 U.S.C. §1328 discharge. The aforesaid Creditor shall, within 10 days of the Bankruptcy Court issuing such an order, stamp their lien on the Debtors' Mercury as being satisfied in full and forward the original Title with the lien discharged to the to the Debtors at their then address.** |

C. Miscellaneous provisions:

-This is a "pot plan", in which the total of all payments in respect of unsecured creditors is a constant amount from which holders of allowed unsecured claims shall be paid. The percentage dividend stated in this plan is an estimate based on claims currently known to the Debtor and does not govern the amount of payments to general unsecured creditors. General unsecured creditors are advised that they may receive more or less than the percentage dividend stated in this plan.

-Bankruptcy Rules 3001 and 3002.1, effective December 1, 2011, shall apply to the within Plan, the Debtor and his Creditors.

VI. CALCULATION OF PLAN PAYMENT

a. Secured claims (Section I-A Total): $ 34,177.25
b. Priority claims (Section II Total): +$ 202.00
c. Administrative claims (Section III A + B Total): +$ 1,000.00
d. General unsecured claims (Section IV-C Total): +$ 648.69
e. Separately classified unsecured claims (Section IV-D Total): +$ 40.00
f. Total of (a) through (e) above: =$ 36,067.94
g. Divide (f) by .90 for total including Trustee's fee: $4,007.55 Cost of Plan =$ 40,075.49
   (This represents the total amount to be paid into the chapter 13 plan)
h. Divide (g) Cost of Plan by Term of plan: 60 months
i. Round up to nearest dollar: Monthly Plan Payment: $ 668.00
   (Enter this amount on page 1)

Pursuant to 11 U.S.C. § 1326(a) (1), unless the Court orders otherwise, a debtor shall commence making the payments proposed by a plan within thirty (30) days after the plan is filed.

## LIQUIDATION ANALYSIS

I. Real Estate:

| Address | Fair Market Value | Recorded Liens (Schedule D) |
|---|---|---|
| **Location: 14 Gardner Road, Hubbardston MA 01452** | $ 144,500.00 | $ 217,064.00 |

Total Net Equity for Real Property: $ 0.00
Less Exemptions (Schedule C): $ 0.00
Available Chapter 7: $ 0.00

II. Automobile (Describe year, make and model):

| Vehicle | | Value | | Lien | | Exemption |
|---|---|---|---|---|---|---|
| **2008 Mercury Mountaineer 93,000 miles** | Value $ | 14,438.00 | Lien $ | 19,917.59 | Exemption $ | 0.00 |
| **2008 F150 84,000** | Value $ | 7,659.00 | Lien $ | 14,687.75 | Exemption $ | 0.00 |

Net Value of Equity: $ 0.00
Less Exemptions (Schedule C): $ 0.00
Available Chapter 7: $ 0.00

III. All Other Assets (All remaining items on Schedule B): (Itemize as necessary)

Value:$ 23,030.18        Less Exemptions (Schedule C): $ 23,030.18
                          Available Chapter 7: $ 0.00

SUMMARY (Total amount available under Chapter 7):

Net Equity (I and II) Plus Other Assets (III) less all claimed exemptions: $ 0.00

Additional Comments regarding Liquidation Analysis:

Pursuant to the Chapter 13 rules, the debtor or his or her counsel is required to serve a copy of the Amended Plan upon the Chapter 13 trustee, all creditors and interested parties, and to file a certificate of service accordingly.

/s/ Carl D. Aframe                                       7/24/14
**Carl D. Aframe 012780**                                Date
Debtor's counsel
Address:   **390 Main Street, Suite 901**
           **Worcester, MA 01608**
Telephone #: **508-756-6940 Fax:508-753-8219**

I/WE DECLARE UNDER THE PENALTIES OF PERJURY THAT THE FOREGOING REPRESENTATIONS OF FACT ARE TRUE AND CORRECT TO THE BEST OF OUR KNOWLEDGE AND BELIEF.

Date 7/24/14            Signature /s/ Brian H. Avedisian
                                  **Brian H. Avedisian**
                                  Debtor

Date 7/24/14            Signature /s/ Theresa A. Avedisian
                                  **Theresa A. Avedisian**
                                  Joint Debtor

## NOTICE

**THIS PLAN CONTAINS ADVERSE TREATMENT OF VARIOUS CLAIMS (INCLUDING DISCHARGING THE DEBTORS' 2ND MORTGAGE) WHICH, IF NOT CONTROVERTED, MAY BE ACCEPTED BY THE COURT. CREDITORS CANNOT VOTE ON THIS PLAN BUT MAY OBJECT TO ITS CONFIRMATION PURSUANT TO BANKRUPTCY CODE §1324, BANKRUPTCY RULE 2002(b)(2), AND LOCAL RULE 13-8(a). ABSENT ANY SUCH OBJECTION, THE COURT MAY CONFIRM THIS PLAN AND ACCEPT THE VALUATIONS AND TREATMENT CONTAINED HEREIN.**