# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: | ) |
| | ) |
| Brian H. Avedisian | ) Chapter 13 |
| Theresa A. Avedisian | ) Case No. 14-40662-HJB |
| | ) |
| Debtors. | ) |
| | ) |

## ORDER CONFIRMING AMENDED CHAPTER 13 PLAN

The debtors filed an Amended Chapter 13 Plan (the "Plan") on July 25, 2014. The debtors filed a Certificate of Service dated July 25, 2014, reflecting that the Plan was served on all creditors and parties in interest. No objections to the confirmation of the Plan were filed or all objections were overruled by the Court or resolved by the parties. Upon consideration of the foregoing, the Court hereby orders the following:

1. The Plan is confirmed. The term of the Plan is 60 months.

2. The debtors shall pay to the Chapter 13 Trustee the sum of **$668.00** per month commencing May 25, 2014, which payments shall continue through completion of the Plan and shall be made on the 25th day of each month unless otherwise ordered by the Court. **Payments shall be made by Money Order or Bank Treasurer's check (personal checks will not be accepted) and shall be made payable to and forwarded to:**

**Denise M. Pappalardo, Chapter 13 Trustee**
**P.O. Box 16607**
**Worcester, MA 01601**

3. The effective date of confirmation of the Plan is May 25, 2014. The disbursements to be made by the Chapter 13 Trustee pursuant to the confirmed plan are set forth on the attached summary which is incorporated by reference. Interested parties should consult the detailed provisions of the Plan for treatment of their particular claims and other significant provisions of the Plan. Pursuant to 11 U.S.C. § 1327, the provisions of the confirmed Plan bind the debtors and all creditors. The conditions for vesting of real property in the debtors are set forth in Section E, Other Provisions, of this order.

Dated:_____    _____ 09/12/2014
United States Bankruptcy Judge

## SUMMARY OF DISBURSEMENTS TO BE MADE UNDER THE PLAN

A.  **Secured Claims**

    1.  Modified Secured Claims

        a.)  The Second Mortgage held by Green Tree Servicing and any/all successors and assigns is to be stripped as it is wholly unsecured by the Debtors' principal residence. The Debtor has listed the second mortgage as an unsecured claim to be paid a dividend over the course of this Chapter 13 Plan in accordance with the treatment of unsecured claims in Section D below. Upon the Debtors' successful completion of the plan and the entry of the Order of Discharge, the Second Mortgage held by Green Tree Servicing and their successors and assigns (recorded at the Worcester Registry of Deeds in Book 41610, Page 264) will be discharged.

        b.)  The secured claim of RBS Citizens/Citizens Auto Finance is being modified as follows: the secured portion in the amount of $12,662.26 will be paid over 60 months together with interest at the rate of 6%, namely $2,025.49 for a total of **$14,687.75**.

        c.)  The secured claim of Wfds/Wells Fargo Bank, N.A. is being modified as follows: the secured portion in the amount of $14,438.00 will be paid over 60 months together with interest at the rate of 6%, namely $2,309.64 for a total of **$16,747.64**. The balance of the claim will be treated as an unsecured claim in the sum of $5,479.59 as set forth below.

    2.  Unmodified Secured Claims

    Green Tree Servicing (the "First Mortgagee") is retaining its lien on the property located at 14 Gardner Road, Hubbardston, Massachusetts. The Debtor shall continue to make regular monthly payments in accordance with the contract with the First Mortgagee. The First Mortgagee will be paid its prepetition arrearage in the sum of **$2,741.86** over 60 months at the sum of $45.70 each month.

    3.  Real Estate Tax Claims

    NONE

B.  **Administrative Claims**

| Creditor | Claim | Term |
|---|---|---|
| Carl D. Aframe, Esq. | $ 1,000.00 | 12 Months |

**C. Priority Claims**

    1. Other Tax Claims

| Creditor | | Claim | Term |
|---|---|---|---|
| Town of Hubbardston | excise | $ 202.00 | 60 Months |

**D. Unsecured Claims**

The Plan provides for a **1%*** dividend payment to unsecured creditors in the amount of $68,868.59.

**E. Other Pertinent Provisions**

Unless otherwise ordered by the court, all property of the estate as defined in 11 U.S.C. §§ 541 and 1306, including but not limited to, any appreciation in the value of real property owned by the debtors as of the commencement of the case, shall remain property of the estate during the term of the plan and shall vest in the debtors only upon the discharge. All property of the estate shall remain within the exclusive jurisdiction of the bankruptcy court. The debtors shall not transfer, sell or otherwise alienate property of the estate other than in accordance with the terms of the confirmed plan or other order of the bankruptcy court. The debtors shall be responsible for preserving and protecting property of the estate.