UNTIED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

POST-CONFIRMATION AMENDED CHAPTER 13 PLAN

Docket #: 14-40662-HJB

DEBTORS:  (H) Brian H. Avedisian       SS # xxx-xx-6336
          (W) Theresa K. Avedisian     SS # xxx-xx-7766

TERM OF THE PLAN: 60 Months (Total length of Plan-not # of months remaining.) If the Plan is longer than thirty-six (36) months, a statement of cause under 11 U.S.C. §1322(d) must be attached hereto.

STATEMENT OF CAUSE PURSUANT TO 11 U.S.C. § 1322(d)
According to the calculations required by Official Form B 22C, disposable income was determined under 11 U.S.C. §1325(b)(3). Furthermore, the Debtors cannot afford a Plan less than 60 months because they do not make enough money after payment of regular, monthly expenses.

AMENDED PLAN PAYMENT: Debtor(s) to pay monthly:       $710

EFFECTIVE 2/25/2015 (Insert new payment beginning date.)

**The claims listed below must include amounts previously disbursed by the Trustee on all claims which have subsequently been withdrawn or disallowed.**

I. **SECURED CLAIMS:**

A. **Claims to be paid through the Plan (including arrears):**

| Creditor | Description of claim (pre-petition Arrears, purchase money, etc.) | Amount of claim |
|---|---|---|
| Rbs Citizens Na | Auto F150 - secured portion in the sum of $12,662.26 inclusive of a 6% interest rate, being $2,025.49, or a total of $14,687.75 to be paid over the term of the Plan per Stipulation allowed on 7/7/2014. | $14,687.75 |
| Wfds/Wds | Auto Mercury - secured portion based on the value of the vehicle ($14,438) inclusive a 6% interest rate, being $2,309.64, or a total of $16,747.64 to be paid over the term | $16,747.64 |

of the Plan.

**Total of secured claims to be paid through the Plan:**  $31,435.39

    **B. Claims to be paid directly by Debtor to Creditors (Not through Plan):**

Creditor                        Description of Claim

Green Tree Servicing            First Mortgage

## II. PRIORITY CLAIMS:

| Creditor | Description of claim | Amount of claim |
|---|---|---|
| Town of Hubbardston | Excise Tax for F150 and Mercury | $202.00 |

**Total of priority claims to be paid through the Plan:**  $202.00

## III. ADMINISTRATIVE CLAIMS:

    **A. Attorney's fees (to be paid through the Plan):**  $6,000.00

    **B. Miscellaneous fees:**

| Creditor | Description of claim | Amount of claim |
|---|---|---|
| _____ | _____ | $_____ |
| _____ | _____ | $_____ |
| _____ | _____ | $_____ |
| _____ | _____ | $_____ |

**Total of administrative claims to be paid through the Plan:**  $_____

    C. The Chapter 13 Trustee's fee is determined by Order of the United State Attorney General. The calculation of the Plan payment set forth, utilizes a 10% Trustee's commission.

## IV. UNSECURED CLAIMS:

The regular unsecured creditors shall receive a dividend of 1% of their claims.

    A. Regular unsecured claims:                $16,182.00

    B. Undersecured claims arising after lien avoidance/cramdown:

| Creditor | Description of claim | Amount of claim |
|---|---|---|
| Wfds/Wds | Auto unsecured portion (principal + arrears - value = unsecured amt) - Mercury | $5,479.59 |
| Green Tree Servicing | Second Mortgage – to be discharged | $44,476.63 |

        Total of A + B regular unsecured claims:    $66,138.22

    C. Multiply total by percentage: (Example: Total of $38,500 x .22 dividend = $8,470)

                                                                                     $661.38

    D. Separately classified unsecured claims (co-borrower, etc.):

| Creditor | Description of claim | Amount of claim |
|---|---|---|
| ITT Tech | Student Loan | $4,000.00 |

**Total amount of separately classified claims payable at 1%:**   $40.00

\*Debtors will be responsible for paying any interest that has accrued and/or principal remaining due after consummation of their Chapter 13 Plan directly to ITT Tech.

## V. OTHER PROVISIONS:

    A. Liquidation of assets to be used to fund plan: _____

_____

    B. Modification of Secured Claims: Set forth details of modifications below or on attached sheets. This information should include names of creditor and detailed explanation of the modification. The total amount of the secured claim that is to be paid though the plan (inclusive of interest) should be set forth in Section I of this Plan.

| Creditor | Modification |
|---|---|
| **Green Tree Servicing** | The Debtors' Chapter 13 Plan will discharge the wholly unsecured lien of Green Tree Servicing and/or its successors or assignees (recorded at Book 41610, Page 264 with the Worcester Southern District Registry of Deeds on Aug. 6, 2007) in the estimated sum of $43,207 (the Debtors' 2nd Mortgage) upon obtaining their discharge pursuant to 11 U.S.C. §1328(a) through his confirmed, consummated Chapter 13 Plan.<br><br>Once said discharge enters pursuant to 11 U.S.C. §1328(a), the Debtors will submit a request to this Court for an order to discharge said 2nd Mortgage. The affected parties should review this provision and be mindful of the affected parties' obligation to object to the Debtors' Chapter 13 Plan within 30 days after filing the within Plan. |
| **Rbs Citiznes Na** | The outstanding claim in the sum of $12,662.26 will be paid through the Plan as a secured claim over 60 months inclusive of an interest rate of 6%, namely $2,025.49, or a total of $14,687.75 in accordance with the Stipulation allowed on 7/7/2014.<br><br>The lien against the F150, Vin # 1ftpx14548fb96426, will be discharged as of the completion of the Debtors' Ch. 13 Plan payments. The present lien holder, Rbs Citizens Na, or its successor in interest, will release its lien on the F150 upon an order of the Court being issued that there has been a completion of all payments towards the Debtors' Ch. 13 Plan pursuant to 11 U.S.C. §1328(a) and upon the entry of an 11 U.S.C. §1328 discharge. The aforesaid Creditor shall, within 10 days of the Bankruptcy Court issuing such an order, stamp their lien on the Debtors' F150 as being satisfied in full and forward the original Title with the lien discharged to the to the Debtors at their then address. |
| **Wfds/Wds** | The secured claim in the sum of $14,438, based on the value of the vehicle, will be paid over 60 months inclusive of an interest rate of 6%, namely $2,309.64, or a total of $16,747.64. The lien against the Mercury, Vin # 4m2eu48e68uj06078, will be discharged as of the completion of the Debtors' Ch. 13 Plan payments. The present lien holder, Wfds/Wds, or its successor in |

interest, will release its lien on the Mercury upon an order of the Court being issued that there has been a completion of all payments towards the Debtors' Ch. 13 Plan pursuant to 11 U.S.C. §1328(a) and upon the entry of an 11 U.S.C. §1328 discharge. The aforesaid Creditor shall, within 10 days of the Bankruptcy Court issuing such an order, stamp their lien on the Debtors' Mercury as being satisfied in full and forward the original Title with the lien discharged to the to the Debtors at their then address.

### C. Miscellaneous Provisions:

-This is a "pot plan", in which the total of all payments in respect of unsecured creditors is a constant amount from which holders of allowed unsecured claims shall be paid. The percentage dividend stated in this plan is an estimate based on claims currently known to the Debtor and does not govern the amount of payments to general unsecured creditors. General unsecured creditors are advised that they may receive more or less than the percentage dividend stated in this plan.

-Bankruptcy Rules 3001 and 3002.1, effective December 1, 2011, shall apply to the within Plan, the Debtor and his Creditors.

### D. Set forth below, all changes from the previously Confirmed Plan:

**Secured:** The Debtors' Plan previously listed $2,741.86 in mortgage arrears to be paid through their Plan to Green Tree Servicing, their first mortgagee. The Debtors' Loan Modification with Green Tree Servicing was approved by this Court on December 1, 2015 which encompasses the aforesaid mortgage arrears. Therefore, such arrears have been taken out of the Debtors' amended Plan.

**Priority:** The Debtors' previous Plan stated that Debtors' counsel would be paid the sum of $1,000. The Debtors' amended Plan now states that counsel will be paid the sum of $6,000 though the Plan.

**Unsecured:** _____

**Term:** _____

**Plan Payment:** The Debtors' previous Plan had a monthly payment of $668. The Debtors' new Plan payment is $710.

Calculation of Amended Plan Payment:

a) Secured claims (Section I-A Total):                                         $31,435.39

b) Priority claims (Section II Total): +$ 202.00

c) Administrative claims (Section III-A&B Total): +$ 6,000.00

d) Regular unsecured claims (Section IV-C Total): +$ 661.38

e) Separately classified unsecured claims (Section IV-D Total): +$ 40.00

f) Total of a + b + c + d + e above: =$38,338.77

g) Divide (f) by .90 for total including Trustee's fee ($4,259.86):

Cost of Plan =$42,598.63
(This represents the total amount to be paid into the Chapter 13 Plan.)

h) Subtract the total amount of payments the Debtor has paid to the Trustee to date:

< $6,400.00>

i) Total amount left to be paid (G minus h): =$36,198.63

j) Divide (i) by # of months remaining: 51 months

(Example: Original effective date of Confirmation – December 21, 1995 through current month – December, 1996, equals 13 months. Term is 60 months. Subtract 13 from 60 to arrive at 47 months remaining, therefore the Amended Plan payment would begin January 21, 1997.)

k) Round up to nearest dollar: Amended Plan Payment = $710/per month

Amended Payment to begin: Date 2/25/2015

Pursuant to the Joint Procedural Order, Debtor/Counsel are required to serve a copy of the Amended Plan upon the Chapter 13 Trustee, all creditors and interested parties, and to file a Certificate of Service accordingly.

_____          2/10/15
Debtor(s) Counsel                 Date

Counsel's Address:  390 Main Street, Suite #901
                    Worcester, MA 01608    Tel. #: 508-756-6940

I/We declare under the penalties of perjury that the foregoing representations of fact are true and correct to the best of our knowledge and belief.

_____  2/10/2015
Debtor, Brian H. Avedisian      Date

_____  2/10/2015
Debtor, Theresa K. Avedisian    Date
            A.